

**Service of Process Transmittal**
01/16/2015
CT Log Number 526405084

**TO:** Kellie Walter
Allstate Insurance Company
10800 E Geddes Ave Ste 200
Englewood, CO 80112-3895

**RE:** Process Served in Colorado

**FOR:** Allstate Fire and Casualty Insurance Company (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Cindy M. Smith, Pltf. vs. Allstate Fire and Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Coversheet, Summons, Complaint |
| **COURT/AGENCY:** | Boulder County District Court, CO<br>Case # 2015CV030016 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Denver, CO |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 01/16/2015 postmarked on 01/14/2015 |
| **JURISDICTION SERVED:** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | Michael Born<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>303-757-3300 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 772616789074<br>Image SOP<br>Email Notification, Kellie Walter kellie.walter@allstate.com<br>Email Notification, Jill Jenkins jill.jenkins@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Company<br>1675 Broadway<br>Suite 1200<br>Denver, CO 80202<br>855-483-2021 |

Page 1 of 1 / RR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



cgf

**Division of Insurance**
1560 Broadway, Suite 850
Denver, Colorado 80202

M360700260

STATE OF COLORADO
OFFICIAL MAIL
PENALTY FOR PRIVATE USE



U.S. POSTAGE >> PITNEY BOWES

ZIP 80216  $ 000.69⁰
02 1W
0001370134 JAN 14 2015

THE CORPORATION COMPANY
1675 BROADWAY STE 1200
DENVER CO 80202-4682

80202•4682 C010

29688

15-10990



**COLORADO**
Department of
Regulatory Agencies

Division of Insurance

Marguerite Salazar
Commissioner of Insurance

January 13, 2015

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
2775 SANDERS RD
NORTHBROOK IL 60062-6110

Attention: Secretary Officer of Company

**Re: Cindy M. Smith v. Allstate Fire and Casualty Insurance Company**

As provided by § 10-3-107, Colorado Revised Statutes, on January 9, 2015 service was made upon the Commissioner of Insurance as your registered agent for the above referenced matter.

Enclosed is your copy of the documents, which were served in the above-entitled cause of action.

Sincerely,
Marguerite Salazar
Commissioner of Insurance

Christine Gonzales-Ferrer
Compliance Assistant

Enc.
CC.
THE CORPORATION COMPANY
1675 BROADWAY STE 1200
DENVER CO 80202-4682



| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY, COLORADO**<br><br>Court Address: Boulder County District Court<br>P.O. Box 4249<br>Boulder, CO 80306<br>(303) 441-3750 | |
| **Plaintiff**: Cindy M. Smith<br><br>v.<br><br>**Defendant**: Allstate Fire and Casualty Insurance Company | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Michael Born, Esq., #38464<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone: (303) 757-3300 Fax: (303) 759-5203<br>Email: bornm@fdazar.com | Case Number: 2015CV030016<br><br>Division: 3 |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

**1.** This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

**2. Check one of the following:**

☐ This case is governed by Chief Justice Directive ("CJD") 11-02 and the "Colorado Civil Access Pilot Project Rules Applicable to Business Actions in District Court" because:

- The case is filed within the period of January 1, 2012 through December 31, 2013; *AND*

- The case is filed in a Pilot Project participating jurisdiction (Adams County, Arapahoe County, Denver County, Gilpin County, or Jefferson County); *AND*

- The case is a "Business Action" as defined in CJD 11-02, Amended Appendix A for inclusion in the Pilot Project.

☑ This case is not governed by the Colorado Civil Access Pilot Project Rules.

*NOTE: Cases subject to the Colorado Civil Access Pilot Project must be governed by the Rules in CJD 11-02 (available at http://www.courts.state.co.us/Courts/Supreme_Court/Directives/Index.cfm). The presiding judge will review Item 2 for accuracy. The designation on this initial Cover Sheet will control unless the Court orders otherwise.*

3. **If this case is not governed by the Colorado Civil Access Pilot Project Rules as indicated in Item 2, check the following:**

   ☐ This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

   - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☑ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

   ☐ The case is a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

   ☑ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   *NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 35 days of the at-issue date. See C.R.C.P. 16.1(b)(1) (re: case type) and C.R.C.P. 16.1(e) (re: amount in controversy). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 45 days of the at-issue date. See C.R.C.P. 16.1(d).*

   ☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

   ☐ C.R.C.P. 16.1 applies to this case.
   ☐ C.R.C.P. 16.1 does not apply to this case.

4. ☑ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Dated January 8, 2015.

                                    FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                    By /s/ *Michael Born*
                                    Michael Born, Reg. No. 38464
                                    ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br><br>Court Address: Boulder County District Court<br>P.O. Box 4249<br>Boulder, CO 80306<br>(303) 441-3750 | |
| **Plaintiff**: Cindy M. Smith<br><br>v.<br><br>**Defendant**: Allstate Fire and Casualty Insurance Company | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Michael Born, Esq., #38464<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone: (303) 757-3300 Fax: (303) 759-5203<br>Email: bornm@fdazar.com | Case Number: 2015CV030016<br><br>Division: 3 |
| **SUMMONS** ||

The People of the State of Colorado
To the Defendant named above: Allstate Fire and Casualty Insurance Company

You are summoned and required to file with the Clerk of this Court, an Answer or other response to the attached Complaint within twenty-one (21) days after this Summons is served on you in the State of Colorado, or within thirty-five(35) days after this Summons is served on you outside the State of Colorado.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, judgment by default may be entered against you by the Court for the relief demanded in the Complaint, without any further notice to you.

The following documents are also served with this Summons: Complaint, Civil Case Cover Sheet.

Dated January 8, 2015.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
By /s/ *Michael Born*
Michael Born, Reg. No. 38464
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY, COLORADO**<br><br>Court Address: Boulder County District Court<br>P.O. Box 4249<br>Boulder, CO 80306<br>(303) 441-3750 | |
| **Plaintiff**: Cindy M. Smith<br><br>v.<br><br>**Defendant**: Allstate Fire and Casualty Insurance Company | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Michael Born, Esq., #38464<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone: (303) 757-3300 Fax: (303) 759-5203<br>Email: bornm@fdazar.com | Case Number: 2015CV030016<br><br>Division: 3 |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, Cindy M. Smith, by and through her attorneys, Franklin D. Azar and Associates, P.C., Michael Born, for her Complaint against the Defendant, states and alleges as follows:

### GENERAL ALLEGATIONS

1.   Plaintiff is an individual and resident of the State of Colorado.

2.   Defendant Allstate Fire and Casualty Insurance Company is a corporation doing business in the State of Colorado.

3.   Venue is proper herein pursuant to C.R.C.P. 98.

4.   This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

5.   On or about June 28, 2013, Plaintiff was the driver of a 2002 Kia Spectra, and was headed southbound on Kimbark Street approaching 16th Avenue.

6.   Erin Power-Maki, an under-insured motorist, was northbound on Kimbark Street. Erin Power-Maki attempted to make a left hand turn and failed to yield for traffic and collided with Plaintiff's vehicle.

7. Plaintiff was not negligent on the occasion in question.

8. No third party caused, or contributed to the cause, of the accident and Plaintiff's injuries, damages, and losses.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

9. Plaintiff incorporates all prior allegations as though fully set forth herein.

10. Sometime prior to the accident, Plaintiff, entered into a contract with Defendant Allstate Fire and Casualty Insurance Company for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and under-insured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant Allstate Fire and Casualty Insurance Company.

11. Plaintiff has advised Defendant Allstate Fire and Casualty Insurance Company of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Allstate Fire and Casualty Insurance Company in connection with the claim.

12. Plaintiff is an intended beneficiary of Defendant Allstate Fire and Casualty Insurance Company's insurance policy/contract and is therefore entitled to enforce its terms.

13. Plaintiff is entitled to be compensated by Defendant Allstate Fire and Casualty Insurance Company for all damages she has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, under the under-insured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
## (FIRST PARY STATUTORY CLAIM
## UNDER C.R.S. § 10-3-1116)

14. Plaintiff incorporates all prior allegations as though fully set forth herein.

15. Defendant Allstate Fire and Casualty Insurance Company has denied and delayed payment of under-insured motorist benefits to Plaintiff without a reasonable basis for its action.

16. Defendant Allstate Fire and Casualty Insurance Company's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant should have previously paid to him.

17. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant Allstate Fire and Casualty Insurance Company two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (BAD FAITH)

18.     Plaintiff incorporates all prior allegations as though fully set forth herein.

19.     Defendant Allstate Fire and Casualty Insurance Company owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling his claims.

20.     Defendant Allstate Fire and Casualty Insurance Company breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

(a)     Compelling this Plaintiff to institute litigation to recover amounts due to her under the under-insured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;
(b)     Favoring the interests of Defendant Allstate Fire and Casualty Insurance Company, an insurer, over those of Plaintiff, an insured, to whom Defendant Allstate Fire and Casualty Insurance Company owes fiduciary and statutory duties;
(c)     Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an under-insured motorist;
(d)     Failing to provide copies of the policy of insurance in a timely manner when requested; and,
(e)     Incompetently evaluating Plaintiff's claim.

21.     Defendant Allstate Fire and Casualty Insurance Company's actions are unreasonable.

22.     Defendant Allstate Fire and Casualty Insurance Company knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

23.     As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

a.  Being forced to incur additional costs in litigation;
b.  Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and
c.  Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's

claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

## PLAINTIFF REQUESTS TRIAL OF ALL MATTERS AT ISSUE HEREIN TO A JURY

Respectfully submitted this 8th day of January, 2015.

                                      FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                      By: */s/Michael Born*
                                      Michael Born, #38464
                                      ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
932 Coronado Parkway South
Denver, CO 80229